IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL DEWAYNE WHALEY,         )<br>    ID # 645333,                                 )<br>        Petitioner,                              )<br>vs.                                                   )<br>                                                        )<br>                                                        )<br>UNITED STATES COURT OF APPEALS )<br>FIFTH CIRCUIT/OFFICE OF             )<br>THE CLERK,                                    )<br>        Respondent.                           ) | No. 3:18-CV-2816-C (BH) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this prisoner case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of mandamus should be **DISMISSED** for lack of jurisdiction.

**I. BACKGROUND**

On June 9, 1993, Michael Dewayne Whaley (Petitioner) was convicted of aggravated robbery in Cause Nos. F91-45041 and F93-01488, and of engaging in organized criminal activity in Cause No. F92-36477 in Dallas County, Texas, and he was sentenced to 40 years' imprisonment in each case. *See Whaley v. Court of Criminal Appeals*, No. 3:18-CV-0144-C, 2018 WL 6069964, at *1 (N.D. Tex. Nov. 5, 2018), rec. adopted, 2018 WL 6069055 (N.D. Tex. Nov. 20, 2018); *see also* https://offender.tdcj.texas.gov/offendersearch (search for petitioner). The judgments were affirmed on appeal. *See Whaley v State*, Nos. 11-93-127-CR, 11-93-128-CR, 11-93-129-CR, 11-93-130-CR (Tex. App. – Eastland Dec. 9, 1993, no pet.) He unsuccessfully challenged those convictions through a federal habeas petition that was dismissed on September 24, 1999, as barred by the statute of limitations. *See Whaley v. Johnson*, No. 3:97-CV-2760-D (N.D. Tex. Sept. 24, 1999). Because of multiple challenges to the same state convictions, the Fifth Circuit Court of Appeals sanctioned

Petitioner $150 and barred him from filing "any challenge to his conviction or sentence until the sanction has been paid in full, unless he first obtains leave of the court in which he seeks to file such challenge." *In re Whaley*, No. 11-10180 (5th Cir. April 28, 2011).

Petitioner subsequently filed a civil action under 42 U.S.C. § 1983 against several defendants based on their roles in his prosecution, conviction, appellate review, and incarceration. (*See* No. 3:16-CV-3281-C, docs. 2, 15.) His claims were dismissed as frivolous by judgment dated September 5, 2017. (*See id.*, doc. 20.) He then filed a post-judgment *Motion for Released [sic] on Parole,* received on January 11, 2018, which contended that there was no evidence to support his convictions, and which sought to have the state court judgments set aside and his release pending an evidentiary hearing. (*See id.*, doc. 31.) That filing was construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254, opened as a new habeas case, and then administratively closed for failure to comply with the Fifth Circuit's sanction order. (*See id.*, doc. 39; *see also* No. 3:18-CV-144-C, docs. 4, 5.)

Petitioner appealed the administrative closure of his new habeas case and sought to establish that he had satisfied the sanctions order by payment with check number 798822. *See Whaley v. Court of Criminal Appeals*, No. 18-10420 (5th Cir. Aug. 31, 2018). By letter dated August 31, 2018, the Fifth Circuit Court of Appeals notified him that check number 798822 had been mailed to the district court and applied toward filing fees in that court, that he had not paid the $150 sanction, and that his appeal would be dismissed if he did not pay the sanction. *See id.* Petitioner subsequently filed a *Motion for Purge Cause Order* in the habeas case that was received on October 10, 2018, in which claimed that he had paid the $150 sanction with check number 798822 from his inmate trust fund account. (*See* No. 3:18-CV-144-C, doc. 15.) Because the filing sought to compel the Fifth

Circuit to acknowledge that he paid the sanction and to proceed with his appeal, it was construed as a petition for writ of mandamus, and opened as this new mandamus case on October 22, 2018. (*See id.,* doc. 16; *see alo* No. 3:18-CV-2816-C, docs. 3, 4.)  On October 2

On October 30, 2018, the Fifth Circuit gave notice that Petitioner had satisfied the sanction in No. 11-10180.  (*See* No. 3:18-CV-144, doc. 17.)  Because the sanction had been satisfied, the habeas case was reopened, and the petition was transferred to the Fifth Circuit as successive on November 20, 2018.  (*See id.*, docs. 18, 20.)[1]

On December 6, 2018, Petitioner's filing fee for this mandamus case was received.  (*See* No. 3:18-CV-2816-C, docs. 5, 7, 8, 10.)

## II.  PRELIMINARY SCREENING

As a prisoner seeking redress from an officer or employee of a governmental entity, Petitioner's petition is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Section 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129

---

[1]Petitioner's appeal of the administrative closure of the habeas case was dismissed for failure to pay the filing fee on December 24, 2018.  (*See id.*, doc. 23); *see also Whaley*, No. 18-10420 (5th Cir. Dec. 24, 2018).

S. Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, one must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III. MANDAMUS

"The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

A court is not an officer, employee or agency of the United States against whom a writ of mandamus under § 1361 may be issued. *See Chandler v. Judicial Council of Tenth Circuit*, 398 U.S. 74, 94 (1970) (Harlan, J. concurring) ("The District Court mandamus statute, § 1361, extends to 'officers,' 'employees,' and 'agencies' of the United States; there is no indication that it empowers the District Courts to issue mandamus to other judicial tribunals."); *Liberation News Service v. Eastland*, 426 F.2d 1379, 1384 (2nd Cir.1970) ("in enacting § 1361 ..., Congress was thinking solely in terms of the executive branch"). Although the Fifth Circuit Court of Appeals does not appear to have specifically addressed this issue, other circuits and courts have found that district courts lack jurisdiction to issue writs of mandamus to other courts, whether higher or equal. *See Trackwell v. United States*, 472 F.2d 1242 (10th Cir. 2007) ("For a district court to issue a writ of mandamus against an equal or higher court would be remarkable."); *Mullis v. U.S. Bankr. Court for Dist. of*

4

*Nevada*, 828 F.2d 1385, 1393 (9th Cir. 1987) ("A district court lacks authority to issue a writ of mandamus to another district court."); *see also Barnes v. Warden*, No. 18-CV-2117-NJR, 2018 WL 6305596, at *2 (S.D. Ill. Dec. 3, 2018) (finding that district court lacked jurisdiction to compel "another district court judge and/or the Seventh Circuit court of Appeals" to act); *Banks v. Roe*, No. 6:17-cv-01648-RBH, 2017 WL 4675179, at *1 (D.S.C. Oct. 18, 2017) (finding that a district court lacked authority to mandamus a district court in another district); *Reeves v. Weigle*, No. 5:14-CV-0334-MTT-MSH, 2014 WL 5035212, at *1 (M.D. Ga. Oct. 8, 2014) (holding that the district court lacked jurisdiction to issue the writ because "the Act does not grant a district court authority to issue writs against its judicial officers or other federal courts"); *Stanley v. Posner*, No. 09-223-DRH, 2009 WL 3230320 at *3 (S.D. Ill. Oct. 5, 2009) (finding that a district court lacks authority to issue mandamus relief against a district court or a higher court). This Court should likewise find that it lacks jurisdiction to issue a writ of mandamus to compel the Fifth Circuit Court of Appeals to find that Petitioner has paid his monetary sanctions.

## IV.  RECOMMENDATION

This petition for writ of mandamus should be **DISMISSED** for lack of jurisdiction.

**SIGNED on this 31st day of December, 2018.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE